IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEBORAH ANN MCCUNE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:09cv1248 (AJT/JFA) |
| v. ) | |
| ) | |
| NATIONAL CITY BANK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## RULE 16(B) SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b) and this court's Order of March 29, 2010, an initial pretrial conference was held in this matter on April 28, 2010. Upon consideration of the representations made in the Joint Discovery Plan (Document no. 20), and for the reasons discussed during the pretrial conference, the court makes the following rulings:

1. All discovery shall be concluded by August 13, 2010.

2. The Joint Discovery Plan is approved in part and shall control discovery to the extent of its application unless further modified by the court.

3. Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by May 12, 2010.

4. The court declines to adopt paragraph 15 of the Joint Discovery Plan regarding the bifurcation of discovery at this time.

5. The court declines to adopt paragraph 16 of the Joint Discovery Plan. The schedule for filing of, and hearing on, a motion for class certification shall be set with the District Judge.

6. The court declines to adopt paragraph 17 of the Joint Discovery Plan at this time.

7. Counsel have informed their clients of their obligations regarding the preservation of discoverable information.

8. Expert disclosures shall be governed by the schedule set forth in paragraph 9 of the Joint Discovery Plan. To the extent the parties wish to modify these deadlines, they must seek leave of court.

9. To the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

10. If counsel believe that a settlement conference with the court would be of assistance in resolving this dispute, they may arrange a settlement conference by contacting the undersigned Magistrate Judge's chambers.

11. To the extent it becomes necessary, counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the filing of documents under seal.

12. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court. The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings.

13. A paper copy of any non-dispositive motion and all papers relating to the motion shall be **delivered directly to the chambers of the undersigned magistrate judge** upon filing. *See* ECF Policies and Procedures, Alexandria Courtesy Copy Information.

14. All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference. Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings. **A non-dispositive motion must be filed by 5:00 p.m. the Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday before the hearing. This order and Local Civil Rule 7 modify the time periods for the notice and briefing of motions under Fed. R. Civ. P. 6(c) and 56(c).** All motions must contain a statement that a good-faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.

15. All Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

16. All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point.

17. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

18. In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil

Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given. In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

Entered this 28th day of April, 2010.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia